UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANK H. FINKEL et al.,

**MEMORANDUM & ORDER**
05 Civ. 3090 (DRH) (WDW)

                                        Plaintiffs,

                -against-


CLOSTER DOCK STEEL CORP., INC.
And HAROLD F. DAVIS,

                                        Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Cohen, Weiss and Simon LLP**
Attorney for Plaintiff
330 West 42nd Street
New York, NY 10036
By:     Elizabeth O'Leary, Esq.
        Molly A. Brooks, Esq.

**HURLEY, District Judge**:

        By Order dated October 5, 2005, this Court granted Plaintiffs' motion for a default

judgment and referred this matter to U.S. Magistrate Judge William D. Wall, pursuant to 28

U.S.C. § 636(b)(3), for a report and recommendation as to damages, interest, liquidated damages

and attorneys' fees.  On February 12, 2007, Judge Wall  issued a Report and Recommendation

(the "Report") that Plaintiffs be awarded a total of $12,905.34 against defendant Closter Dock

Steel Corp., Inc.("Closter")  but declined to recommend that individual liability be imposed on

Defendant Harold F. Davis ("Davis").

        Plaintiffs have filed an objection to Judge Wall's Report, objecting to it only  to the

extent that it declined to recommend that Davis be held individually liable. That objection is

presently before the Court. For the reasons set forth below, the Court denies the objection and adopts the Report of Judge Wall.

## Discussion

Plaintiffs brought this collection action, pursuant to 29 U.S.C. § 1145, to collect delinquent employee benefit fund contributions and attendant damages. In addition to seeking a judgment against Closter, the signatory to the underlying collective bargaining agreement, plaintiffs seek to impose individual liability upon Davis, the president of Closter.

According to the evidence presented by Plaintiffs, the corporate status of Closter was revoked on December 16, 1997 for failure to file an annual report with the New Jersey Department of the Treasury for more than two consecutive years and remains revoked today. Notably, there is no claim that Davis  ever personally guaranteed Closter's payment of the employee benefit fund contributions or that Plaintiffs ever believed that Davis made such a guarantee.

The basis of the Plaintiffs' request for individual liability is § 4-5(5) of the New Jersey Business Corporation Act, which provides:

> [i]n the event a domestic corporation fails to file an annual report for two consecutive years with the State Treasurer . . . the State Treasurer may issue a proclamation declaring that the certificate of incorporation of the corporation has been revoked and that all powers conferred by law upon it shall thereafter be inoperative and void.

N.J.S.A. 14:A4-5(5).   According to Plaintiffs, "the case law reflects that where corporate status has been revoked under this provision, the officers of a corporation shall be individually liable for the corporation's debts unless and until the corporate status has been reinstated."  Plaintiffs'

Objections at p.2. Plaintiffs cite two New Jersey cases in support of their argument: *Asbestos Workers Local Union No. 32,* 306 N.J. Super. 1 (N.J. Super. Ct. App. Div. 1997) and *Zieger v. Wilf,* 333 N.J. Super. 258 (N.J. Super. Ct. App. Div. 2000).

In *Asbestos Workers*, the plaintiffs sought to recover benefit fund contributions pursuant to a collective bargaining agreement. The defendants appealed from a summary judgment holding them individually liable for corporate debts incurred during a period that the corporation's charter was suspended. According to a stipulation filed by the parties, the corporate charter was suspended when the collective bargaining agreement was signed requiring the payment of employee benefits. Thereafter, the corporate charter was reinstated. The trial court determined that the defendants were individually liable during the period of suspension for the debts arising under the contracts they signed on behalf of the corporation. The Appellate Division reversed. 306 N.J. Super. at 2-3. There were two bases for the reversal:

> First, we see no reason for such rule where the contracting party neither relied upon the individual assurances of the officers nor upon their credit. The rule determined by the trial judge could cause havoc in the business community. Corporate charters are suspended for a variety of reasons such as failure to file the annual report as in this case, N.J.S.A. 14A:4-5(5), failure to pay corporate franchise taxes, N.J.S.A. 54:11-1, and, in regulated industries, the failure to follow a variety of statutes or administrative regulations. Under the trial judge's ruling, every corporate officer would be required to consult the corporation's attorneys and accountants, or perhaps the Secretary of State before any agreement were signed, at the risk of becoming personally liable for the corporate obligation.

*Id*. at 3. "A second reason for reversal is that the Corporation Act itself, in N.J.S.A. 14A:4-5(7) notes that the reinstatement of the charter is retroactive." *Id.* at 4.

In *Zieger*, the plaintiff also sought to impose individual liability on a corporate officer on

3

the basis of a suspended corporate charter arguing that once the charter was suspended the defendant could not longer act as an officer of the corporation and thus was acting in his individual capacity. The *Zieger* court rejected the plaintiff's contention. The court reasoned, in part: "the breach of plaintiff's consulting contract occurred in 1989 . . . . At that time the corporate charter was fully in effect. The proclamation of revocation occurred only some four years later . . . . Thus *assuming the revocation had the effect claimed by plaintiff*, that effect occurred only long after plaintiff's contract had been breached and his cause of action accrued." *Id.* at 267 (emphasis added).

In ascertaining the law of New Jersey, this Court "looks to the decisional law of [New Jersey] as well as to the state's constitution and statutes." *Travelers Ins. Co. v. 633 Third Assoc.,* 14 F.3d 114, 119 (2d Cir. 1994). Where the state law is ambiguous or uncertain or there is an absence of authoritative law from the state's highest court, "the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." *Phansalkar v. Andersen Weinroth & Co.,* 344 F.3d 184, 199 (2d Cir. 2003) (quoting *Travelers*, 14 F.3d at 119); *accord DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005). In doing so, the federal court "must give 'fullest weight' to the decisions of a state's highest court and 'proper regard' to the decisions of a state's lower courts." *Phansalkar*, 344 F.3d at 199 (quoting *Travelers*, 14 F.3d at 119). Decisions of a state's intermediate and lower courts are not binding on the federal courts. "[W]e consider the language of the state courts to be helpful indicators of how the state's highest court would rule. Although we are not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data

4

that the highest court of the state would decide otherwise." *DiBella,* 403 F.3d at 112 (internal

quotations and citations omitted).

Neither *Asbestos Workers* nor *Zieger* stand for the proposition for which Plaintiffs seek to

use them, to wit, that an officer of a corporation whose charter has been revoked is liable for the

corporation's debts. Indeed, the *Asbestos Worker* court specifically rejected such a conclusion

where, as here, the "contracting party  neither relied upon the individual assurances of the

officers nor upon their credit."  306 N.J. Super. at 3. Given the general rule that an officer is not

personally liable for the debts of a corporation,  the *Asbestos Worker's* Court rejection of a rule

imposing personal liability on an officer of a corporation whose charter has been revoked and

Plaintiffs' failure to provide this Court or Judge Wall with clear authority to support their

argument, this Court declines to hold Davis personally liable.[1]  Accordingly, the Court agrees

with and adopts Judge Wall's recommendation not to impose personal liability on Davis.

### CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the Report

and Recommendation and, for the reasons set forth above, concurs in both its reasoning and its

result.  Accordingly, this Court rejects Plaintiffs' objections and adopts the February 12, 2007

Report and Recommendation of Judge Wall as if set forth herein.  The Court therefore directs

that the Plaintiffs recover nothing from Defendant Harold F. Davis and that judgment be entered

accordingly.  The Court further directs that Plaintiffs recover from Defendant Closter Dock Steel

Corp., Inc. the amount of $12,905.34 plus continuing interest and liquidated damages, as

---

[1] In reference to Plaintiff's complaint that "the Report cites no other authority for its recommendation not to impose individual liability," the Court notes that its is the responsibility of the parties to proffer relevant case law to the Court in support of their arguments.

itemized below, and that judgment be entered accordingly:

(1) $1,656.40 in delinquent contributions for the period April 2, 2003 through June 30, 2005;

(2) $1,918.22 in interest on the contributions through December 5, 2006;

(3) $1, 918.22 in liquidated damages through December 5, 2006;

(4) $1,110 in audit fees;

(5) $6,302.50 in attorneys' fees and costs;

(6) interest and liquidated damages on unpaid contributions commencing on December 6, 2006 to the date of judgment calculated at the rate of 16% per annum.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:  Central Islip, N.Y.
March 12, 2007                                         /s/_____
Denis R. Hurley,
United States District Judge